UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVADOR GARCIA, on behalf of himself and all
others similarly situated,

                        Plaintiff,

        -against-

JONJON DELI GROCERY CORP., and LUIS BAEZ, an
Individual,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _8/11/15_

13 Civ. 8835 (AT)

**MEMORANDUM
AND ORDER**

ANALISA TORRES, District Judge:

In this wage-and-hour action, Plantiff, Salvador Garcia, on behalf of himself and all

others similarly situated, alleges that Defendants, JonJon Deli Grocery Corp. ("JonJon Deli") and

Luis Baez, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the

New York Labor Law ("NYLL").  Plaintiff also asserts a conversion claim under New York law.

Plaintiff moves for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on the following issues: (1) whether Defendants are employers; (2) whether

Defendants are liable for failing to pay overtime wages; (3) whether Defendants are liable for

failing to provide wage statements; and (4) whether Plaintiff is entitled to liquidated damages[1].

For the reasons stated below, Plaintiff's motion is GRANTED.

---

[1] Although the complaint states that Plaintiff brings these claims on behalf of others similarly situated and includes
collective action and class action allegations, *see* Compl. ¶¶ 12-30, ECF Nos. 33-1, Plaintiff has not moved for
either collective action certification pursuant to 29 U.S.C. § 216(b) or class certification pursuant to Federal Rule of
Civil Procedure 23.  Plaintiff seeks summary judgment only with respect to his individual claims. *See* Pl. Mem. 1-2,
ECF No. 30.

# BACKGROUND[2]

Baez and his wife are owners of JonJon Deli, and Baez is the president and sole shareholder of BL 475 Realty Corp., which owns the building where JonJon Deli operates. Def. 56.1 ¶¶ 1-3, ECF No. 32-1. Baez was Vice President of LMB Deli Grocery ("LMB"), which operated at the same location as JonJon Deli prior to its incorporation on September 12, 2011. *Id.* ¶ 4; Baez Dep. 9:17-10:14, Jul. 22, 2014 10:00 AM, ECF No. 33. Baez is JonJon Deli's general manager, and his responsibilities include setting employees' work schedules, supervising employees, hiring and firing employees, and paying employees' salaries. Def. 56.1 ¶¶ 28, 30-33.

Plaintiff was an employee of LMB and JonJon Deli. *Id.* ¶¶ 5, 14. Plaintiff's duties included making sandwiches, running the cash register, providing security, and cleaning. *Id.* ¶ 19. Plaintiff alleges that he began working for LMB in the summer of 2005, that he generally worked six nine-hour shifts per week without a break, and that he received a weekly cash salary of $450 from 2007 until June 2013. Pl. 56.1 ¶¶ 37, 39-41, 44, 47-48, ECF No. 32-1; Garcia Aff. ¶¶ 3, 6-8, ECF No. 31. Defendants refute the length of Plaintiff's employment and the hours Plaintiff worked, *see* Def. 56.1 ¶¶ 5, 37, 39-41, 44, 47-48, but lack supporting documentation, *id.* ¶¶ 20, 22-25. Defendants did not provide wage statements to Plaintiff during the course of his employment. *Id.* ¶¶ 51, 56.

---

[2] The following facts, which are taken from the parties' Rule 56.1 statements and other submissions, are undisputed unless otherwise indicated.

## DISCUSSION

I.    Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are those which, under governing law, may affect the outcome of a case. *Id.*

The moving party initially bears the burden of informing the court of the absence of a genuine dispute of material fact by citing to particulars in the record.  Fed. R. Civ. P. 56(a), (c); *Celotex*, 477 U.S. at 322-25; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). The movant may satisfy its burden by "showing that the materials cited do not establish the . . . presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B).  If the non-moving party has the burden of proof on specific issues, the movant may also satisfy its own initial burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex*, 477 U.S. at 322-23; *PepsiCo Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002).  In deciding the motion, the court views the record in the light most favorable to the non-moving party. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 61 (2d Cir. 2002).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001).  The opposing party may not avoid summary judgment by relying solely on conclusory allegations or denials that are unsupported by facts.

3

*Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002). Instead, the

opposing party must set forth "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324 (internal quotation marks omitted).

II.    Application

A. Employer Liability under the FLSA and the NYLL

Plaintiff moves for summary judgment on his claim that both JonJon Deli and Baez are

employers under the FLSA and the NYLL. Although Defendants admit they are employers, *see*

Def. 56.1 ¶¶ 10-14[3], they argue that Baez does not qualify as an employer because "JonJon Deli

was duly incorporated in the State of New York and is separate and district in every way from . .

. Baez," and "Plaintiff . . . never claimed that he was told or believed that he worked for . . .

Baez." Def. Affirm. ¶ 4, ECF No. 34.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest

of an employer in relation to an employee," 29 U.S.C. § 203(d), and permits "an individual

within a company that . . . employs a worker [to be held] personally liable for damages as that

worker's 'employer,'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013), *cert denied*,

134 S. Ct. 1516 (2014). To be held liable as an employer under FLSA, "an individual defendant

must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's

employment." *Id.* at 109. To make this determination, the Court applies the "economic reality"

test. *Id.* at 111. This inquiry requires the Court to assess the totality of the circumstances and

consider "whether the alleged employer (1) had the power to hire and fire the employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employment records." *Herman*

---

[3] The Court does note, however, that Defendants have only admitted to being employers "[d]uring [the] FLSA Class Period defined in the Complaint." Pl. Req. Admis. ¶¶ 6-9, ECF No. 33-1.

*v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation and internal quotation marks omitted). These factors do not "comprise a rigid rule for the identification of an FLSA employer," but rather "provide a nonexclusive and overlapping set of factors to ensure that test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Irizarry*, 722 F.3d at 105 (citations and internal quotation marks omitted).

The evidence shows that Baez, who owned and managed JonJon Deli, exercised substantial control over the business. In his capacity as general manager, Baez was in charge of purchasing, tending to customers, and calculating the business's income. Def. 56.1 ¶ 29. Moreover, Baez owns the building in which the business operates and was responsible for setting employees' work schedules, supervising employees, hiring and firing employees, and paying employees' salaries. *Id.* ¶¶ 2, 30-33. In fact, Baez testified that he was responsible for "keeping the business running always," and that when he was not on vacation he would supervise employees for fourteen hours of the sixteen hours the business was open. Baez Dep. 21:6-16, 47:18-21. Baez further testified that he consulted with an accountant who told him the rate at which to set employees' wages. Baez Dep. 19:9-21.

Although Baez may not have maintained employment records, the fact that "this fourth factor is not met is not dispositive." *RSR*, 172 F.3d at 140. The evidence sufficiently demonstrates that Baez is an employer as defined by the FLSA. *See Inclan v. New York Hospitality Grp., Inc.*, 12 Civ. 4498, 2015 WL 1399599, at *15-16 (S.D.N.Y. Mar. 26, 2015) (granting plaintiffs' motion for summary judgment on issue of whether the owner of corporation that operated a restaurant was an "employer" under the FLSA and the NYLL because, *inter alia*, the owner signed the restaurant's lease, personally signed contracts with the restaurant's vendors,

5

hired the restaurant's management team, and held weekly meetings with the management team at which policies related to employee compensation were addressed).

The Court rejects Baez's contention that there are triable issues of fact with respect to whether he was Plaintiff's employer.  First, it is immaterial that JonJon Deli is a distinct corporate entity.  Baez's liability is not predicated on his merely having an ownership interest in JonJon Deli, but rather on his "active, extensive involvement in the business . . . including [the business's] decisions on employee-related matters." *Inclan*, 2015 WL 1399599, at *15.  It is also irrelevant that Plaintiff never claimed he worked for Baez.  Even assuming this argument had a sufficient factual basis, the economic reality test turns on objective economic realities, not subjective beliefs as to who constitutes an employer.  *See Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987) ("Subjective beliefs cannot transmogrify objective economic realities.").

Although neither the New York Court of Appeals nor the Second Circuit has decided whether "the tests for 'employer' status are the same under the FLSA and the NYLL," *Irizarry*, 722 F.3d at 117, "district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA," *Inclan*, 2015 WL 1399599, at *16 (internal quotation marks and citation omitted).

Accordingly, summary judgment is granted on Plaintiff's claim that Defendants were his employers and are jointly and severally liable.[4]

---

[4] The Court notes, however, that Plaintiff does not address the issue of whether JonJon Deli is a successor in interest to LMB and, thus, liable for LMB's purported FLSA and NYLL violations. *See Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 400-04 (S.D.N.Y. 2012) (describing successor liability standards).

B.  FLSA and NYLL Overtime Violations[5]

Plaintiff moves for summary judgment on his claim that Defendants failed to pay overtime wages in accordance with the FLSA and the NYLL.[6]  Both the FLSA and regulations promulgated pursuant to the NYLL require that an employee receive a wage at least equal to 150 percent his regular rate of pay for each hour worked in excess of forty hours per workweek.  29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  To establish liability for unpaid overtime under the FLSA, an employee must prove that he "performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).  An employer is required to maintain records of wages and hours, *see* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2, and if he fails to do so, the employee "will not be penalized due to [his] employer's record-keeping default," *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997).[7] Accordingly, when an employer's records are "inaccurate or inadequate," "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*,

---

[5] Plaintiff asserts that there is coverage under the FLSA because Defendants admitted in their answer that "all employees are engaged in interstate commerce." Pl. Mem. 7; *see* Compl. ¶ 11; Am. Answer ¶ 11, ECF No. 20. Plaintiff apparently conflates the different standards for FLSA coverage, *see* Compl. ¶ 11; *Ethelberth v. Choice Sec. Co.*, 12 Civ. 4856, 2015 WL 861756, at * 9-11 (E.D.N.Y. Feb. 27, 2015) (describing individual and enterprise coverage under the FLSA), but Defendants do not argue that JonJon Deli's employees are not engaged in interstate commerce and have not otherwise challenged this branch of Plaintiff's motion, *see* Def. Affirm..

[6] Plaintiff moves for summary judgment only with respect to liability and not with respect to the measure of damages.

[7] There are analogous record-keeping requirements under the NYLL. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Sandifer v. U.S. Steel Corp.*, 134 S. Ct. 870, 875 (2014).

In the absence of sufficient records, an employee may meet his burden by testifying as to his own recollection of the hours worked. *Kuebel*, 643 F.3d at 362. Such testimony will presumptively establish the fact of a violation and injury, and the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Reich*, 121 F.3d at 69 (quoting *Anderson*, 328 U.S. at 687-88 (internal quotation marks omitted)). If the employer fails to meet his burden, "the court may award damages, even though the result is only approximate."[8] *Id.*

Defendants do not oppose summary judgment on this issue. Plaintiff avers that during the time relevant to this action he worked 54 hours per week and received $450 in weekly compensation. Pl. 56.1 ¶¶ 39-40, 48. Plaintiff contends that his compensation was not intended to include a premium for overtime pay, which Defendants do not dispute. Def. 56.1 ¶¶ 48, 54; Garcia Aff. ¶¶ 5-6. Indeed, "[t]he fact that an employee regularly works [more than 40 hours per week] does not, without more, indicate that the employee's weekly salary was intended to include the FLSA overtime premium for all hours in excess of 40." *Giles v. City of New York*, 41 F. Supp. 2d 308, 316-17 (S.D.N.Y. 1999).[9] Defendants provide no evidence negating either the reasonableness of Plaintiff's claims regarding the number of hours worked or the presumption that Plaintiff's salary did not include a premium for overtime hours.

---

[8] Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL. *See, e.g.*, *Canela-Rodriguez v. Milbank Real Estate*, 09 Civ. 6588, 2010 WL 3701309, at *1-2 (S.D.N.Y. Sept. 20, 2010).

[9] Courts have applied this presumption to overtime claims under the NYLL. *See, e.g.*, *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 385-91 (E.D.N.Y. 2012).

Accordingly, summary judgment is granted on Plaintiff's claim that Defendants unlawfully failed to compensate him for overtime hours worked under the FLSA and the NYLL.

C.  NYLL Wage Statement Violations

Plaintiff moves for summary judgment on his claim that Defendants failed to provide wage statements as required by NYLL § 195(3).  Section 195(3) requires an employer to furnish a detailed wage statement to an employee with every payment of wages.  N.Y. Labor Law § 195(3).  "For all employees who are not exempt from overtime compensation . . . , the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."  *Id.*

Prior to enactment of the Wage Theft Prevention Act, the NYLL did provide a private judicial remedy for violation of Section 195(3).  However, NYLL § 198(1-d), which became effective April 9, 2011, states, "if any employee is not provided a statement or statements as required by [Section 195(3)], he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees."[10]  *See* 2010 N.Y. Laws ch. 564 § 7, *amending* N.Y. Labor Law § 198(1-d).

It is undisputed that Defendants never furnished wage statements to Plaintiff.  Def. 56.1 ¶¶ 51, 55-56.  Accordingly, Plaintiff is granted summary judgement on his claim for statutory damages under Section 195(3), which shall not exceed $2,500.

D.  FLSA and NYLL Liquidated Damages

1.  Liability

---

[10] The current version of NYLL § 198(1-d), which became effective February 27, 2015, provides for a $250 daily penalty and a maximum total damages award of $5,000.  N.Y. Labor Law § 198(1-d).

Plaintiff moves for summary judgment on his liquidated damages claims under the FLSA and the NYLL.  Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages.  *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citing 29 U.S.C. § 216(b)).  The Court, however, has "discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA."  *Id.* (quoting 29 U.S.C. § 260).  "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception."  *RSR*, 172 F.3d at 142 (citing *Reich*, 121 F.3d at 71).  "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them."  *Id.* at 142.

The NYLL also provides for the recovery of liquidated damages.  *See* N.Y. Labor Law §§ 198(1-a), 663(1).  Prior to November 24, 2009, an employee was entitled to a liquidated damages award equal to 25% of the wages due under the NYLL only if he showed that his employer's violation of the NYLL was willful.  *Inclan*, 2015 WL 1399599, at *11.  However, following amendments to the NYLL that took effect on November 24, 2009, the standard for liquidated damages changed such that an employee was entitled to the 25% liquidated damages award "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."[11]  *Id.* (citation omitted).  The NYLL was further amended in 2010 to increase the liquidated damages award from 25% to 100%, but this change, which became

---

[11] Plaintiff only moves for summary judgment on liability under the NYLL for the time period after November 24, 2009.  Pl. Mem. 1.

effective April 9, 2011, is only to be applied prospectively. *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013).  Although the text of the NYLL's liquidated damages provisions does differ from that of the text of the FLSA's liquidated damages provision, "courts have not substantively distinguished the federal standard from the current state standard of good faith." *Inclan*, 2015 WL 1399599, at *11.

Defendants argue that that they "acted in good faith," noting that "Baez was overwhelmed by the responsibilities and problems of keeping a struggling business afloat . . . [,] did not possess the knowledge or skill needed to comply with complex labor laws [,] and relied on the advice of others, including professionals, which turned out to be bad." Def. Affirm. ¶ 3. As an initial matter, a showing of good faith "requires more than ignorance of the prevailing law or uncertainty about its development." *Reich*, 121 F.3d at 71.  Defendants provide no evidence that Baez relied on the advice of others or that he took other actions to ascertain the requirements of the FLSA and the NYLL.  Although the Court notes that Baez did testify about having employee compensation discussions with an accountant, *see* Baez Dep. 19:6-20:1, 38:18-39:8, there is no indication that Beaz sought guidance on federal and state overtime compensation requirements.  Moreover, even assuming there was subjective good faith on the Defendants' part, Defendants do not point to any misleading advice tendered by either the accountant or another professional that could support their claim of objectively reasonable grounds for Defendants' violations.  Indeed, the evidence does not show that there is a genuine issue of material fact as to the Defendants' good faith. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316-17 (S.D.N.Y. 2011) (granting plaintiffs' motion for summary judgment on the issue of liquidated damages, and noting that even though a consultation with an accountant constitutes an active step, it does not support a showing of good faith unless its purpose is to ascertain the

11

dictates of the law with respect to the issue at hand).

Accordingly, the Court holds that Defendants are liable to Plaintiff for liquidated damages arising from their violations of the FLSA and the NYLL.

2.  Cumulative Recovery

In addition to a determination on liability, Plaintiff requests that the Court determine that he may obtain cumulative recovery of liquidated damages. *See* Pl. Mem. 12-13. The Second Circuit has provided no guidance on whether a Plaintiff may obtain cumulative recovery of liquidated damages under the FLSA and the NYLL, and district courts are divided on the issue. *See Inclan*, 2015 WL 1399599, at *11-12 (collecting cases). Courts permitting cumulative recovery have generally premised their decisions on the proposition that liquidated damages under the FLSA are intended to be compensatory, while liquidated damages under the NYLL are intended to be punitive. *Id.* at *11. Courts denying cumulative recovery have found the above distinction to be semantic, reasoning that liquidated damages under both statutes are designed to deter wage-and-hour violations in a way intended to compensate injured parties. *Id.* at *12.

"Even assuming there were once a plausibly substantive distinction between liquidated damages under the FLSA and [the] NYLL, the recent amendments to the NYLL have undermined the basis for such a distinction." *Id.* Indeed, the notion that a liquidated damages award under the NYLL is punitive rather than compensatory was premised on the fact that the NYLL required proof of an employer's willfulness. As the standards for liquidated damages under both statutes have now coalesced, there is no longer a rationale for cumulative recovery. Plaintiff argues for liquidated damages arising after November 24, 2009, the date the standards under the FLSA and the NYLL merged. Accordingly, the Court concludes that Plaintiff is not entitled to cumulative recovery.

12

## CONCLUSION

For the reasons stated above, Plaintiff's motion for partial summary judgment is

GRANTED.  However, Plaintiff's request for cumulative recovery of liquidated damages is

DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 29.

SO ORDERED.

Dated: August 11, 2015
       New York, New York

_____
ANALISA TORRES
United States District Judge

13